UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JERRY WAYNE TURNER** <br>     **LA. DOC #119947** <br> **VS.** | **CIVIL ACTION NO. 3:14-cv-0882** <br><br> **SECTION P** <br><br> **JUDGE ROBERT G. JAMES** |
| **WARDEN JERRY GOODWIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Jerry Wayne Turner, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on April 25, 2014.  Petitioner attacks his 1987 conviction for first degree murder and the life sentence imposed thereon by the Fourth Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the following reasons it is recommended that the petition be deemed successive and **DISMISSED** for lack of jurisdiction.

*Background*

Petitioner was indicted and charged with first degree murder, a capital offense; on some unspecified date in 1987, as trial was set to commence, he accepted a plea agreement and pled guilty to the charge without capital punishment.  Thereafter he was sentenced to serve life without benefit of parole.

He did not appeal; however, on some unspecified date he filed an application for post-conviction relief in the Fourth Judicial District Court claiming that his guilty plea was not

knowing and voluntary because he received ineffective assistance of trial counsel. Post-conviction relief was denied by the trial court and thereafter by the Louisiana Supreme Court. *State of Louisiana ex rel. Jerry Wayne Turner v. John P. Whitley, Warden*, 92-1377 (La. 9/2/1994), 642 So.2d. 1281.

On May 27, 1997, he filed a petition for writ of *habeas corpus* in this Court raising the same claim, ineffective assistance of counsel resulting in an involuntary guilty plea. A hearing was convened and the petition was dismissed with prejudice on the merits on July 30, 1999. *Jerry W. Turner v. Burl Cain, Warden*, Civil Action No. 3:97-cv-1058 at Docs. 1 (petition), 32 (Report and Recommendation) and 34 (Judgment). Petitioner's request for Certificate of Appealability (COA) was denied on August 17, 1999 (*id*., Doc. 36), and his appeal to the United States Fifth Circuit Court of Appeals was dismissed on March 13, 2000, for want of prosecution (*id*., Doc. 42).

He filed a second round of post-conviction litigation in the Louisiana courts contesting the discriminatory manner for selecting grand jury foremen in Louisiana and claiming ineffective assistance of counsel based upon counsel's failure to challenge the indictment on those grounds. This round of post-conviction litigation ended on June 15, 2001, when the Louisiana Supreme Court rejected his writ application. *State of Louisiana ex rel. Jerry Turner v. State of Louisiana*, 200-2743 (La. 6/15/2001), 793 So.2d 1239. He then filed a second petition for writ of *habeas corpus* in this Court on July 20, 2001. On October 15, 2001, petitioner was directed to seek permission to file the successive petition from the Fifth Circuit. *See Jerry Turner v. Warden, Louisiana State Penitentiary*, Civil Action No. 3:01-cv-1372 at Docs. 1 (Petition) and 5 (Order). On February 18, 2002, the Fifth Circuit Court of Appeals denied permission to file a successive

*habeas* petition. *In re: Jerry Turner*, No. 01-31473.

On or about February 13, 2013, petitioner filed a "*Nunc pro tunc* review of initial discovery through supplemental discovery and post conviction *nunc pro tunc* review" in the Fourth Judicial District Court arguing that the State failed to provide adequate pre-trial discovery, ineffective assistance of counsel, and invalid guilty plea. The pleading was ultimately construed as an application for post-conviction relief and denied as untimely by the Louisiana Supreme Court on November 22, 2013. *State of Louisiana ex rel. Jerry Wayne Turner v. State of Louisiana*, 2013-1362 (La. 11/22/2013), 126 So.3d 481.

Petitioner filed the instant petition raising claims of inadequate discovery, ineffective assistance of counsel, and invalid guilty plea on April 25, 2014.

### *Law and Analysis*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  This is the third petition for *habeas corpus* filed by this petitioner. It attacks the same conviction and sentence which was the subject of his prior petitions.

While "a prisoner's application is not second or successive simply because it follows an earlier federal petition..." *In re: Cain*, 137 F.3d 234, 235 (5th Cir.1998) "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence <u>that was or could have been raised</u> in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.; see also Crone v. Cockrell,* 324 F.3d 833.  Petitioner's claims were either raised in his first petition or could have been.  His first petition was dismissed with prejudice on the merits; his

3

second petition was dismissed and petitioner thereafter sought and was denied permission from the Court of Appeals to file a successive petition.  This petition is successive.  Petitioner has not yet applied for nor received permission from the Court of Appeals to file this successive petition in the District Court as required by the statute and therefore this Court lacks jurisdiction to consider his claims.

Therefore,

**IT IS RECOMMENDED** that petitioner's petition be deemed successive and that it be **DISMISSED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See*, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of

appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe , Louisiana, June 19, 2014.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**